UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
TRUSTEES OF THE METAL POLISHERS
LOCAL 8A-28A FUNDS,

                 Plaintiff,                 **MEMORANDUM & ORDER**

                                                        12-CV-4259 (MKB)

                  v.

PRESTIGE RESTORATION AND
MAINTENANCE, LLC,

                 Defendant.
-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff, Trustees of the Metal Polishers Local 8A-28A Funds, moved for a default judgment against Defendant Prestige Restoration and Maintenance, LLC, on June 12, 2013, which motion was referred to Magistrate Judge Roanne L. Mann. By report and recommendation dated August 8, 2013, Judge Mann recommended that the Court grant Plaintiff's request for a default judgment against Defendant as to liability but deny Plaintiff's request for damages and attorneys' fees. No objections were filed to the report and recommendation. Instead, on August 26, 2013, Plaintiff filed an amended motion for a default judgment. After reviewing Plaintiff's amended motion for default judgment, the Court declines to adopt the recommendation that Plaintiff's request for damages be denied. The Court adopts the recommendation to grant the default judgment as to liability and to deny Plaintiff's application for attorneys' fees.

    **I. Background**

      On August 24, 2012, Plaintiff commenced this action alleging violations of § 302 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3) and §

1145. Although properly served, Defendant failed to respond to the Complaint and on January 7, 2013, Plaintiff sought a notice of default which was entered by the Clerk of the Court on that day. (Docket Entry Nos. 5 and 6.) Plaintiff moved for a default judgment on January 8, 2013, which was denied by the Court as deficient on February 25, 2013, because, in part, Plaintiff failed to submit any evidence in support of its claim for damages. (February 25, 2013 Order.) On June 12, 2013, Plaintiff filed a renewed default motion which was referred to Judge Mann. (Docket Entry No. 9 and June 21, 2013 Order.) On June 21, 2013, Judge Mann issued an order finding Plaintiff's renewed motion "inadequate in a number of respects." (Docket Entry No. 11, Order re: Motion to Amend 1.) Specifically, Judge Mann found that no explanation was provided as to how the audit was performed, that the auditor's report was authenticated only through an affidavit of counsel, and not by the auditor who performed the audit, and the auditor who performed the work was not identified by name. (*Id.*) Judge Mann also noted that Plaintiff's application for attorneys' fees was deficient in that it provided only a summary of total hours, in half-hour increments, did not supply contemporaneous time records, and did not describe the background of each associate and paralegal. (*Id.*) Plaintiff was afforded "one final opportunity to cure these deficiencies." (*Id.*) On July 2, 2013, Plaintiff timely filed an additional submission, which included an "affidavit of Kimesha Hines," an auditor of the Payroll Auditing firm of Marshall & Moss, but was otherwise substantially identical to Plaintiff's June 12, 2013 submission. (Docket Entry No. 12.) Plaintiff did not address the deficiencies in its application for attorneys' fees. (*Id.*)

On August 8, 2013, Judge Mann issued a report and recommendation ("R&R") recommending that the Court grant Plaintiff's request for a default judgment against Defendant as to liability, but deny Plaintiff's request for damages and attorneys' fees. (Docket Entry

No. 13.) Plaintiff failed to file any objections within the statutory time period and did not seek any additional time to object to the R&R. Instead, on August 26, 2013, the deadline by which objections to the R&R were to be filed, Plaintiff filed an amended motion seeking damages and costs, but not attorneys' fees. (Docket Entry No. 14, Am. Mot.) In support of the August 26, 2013 amended motion, Plaintiff submits a new affidavit by Kimesha Hines authenticating the audit which forms the basis for Plaintiff's claim for damages, (*id.*, Hines Aff.), and for the first time attaches a copy of the signed Trust Agreement between Plaintiff and Defendant. (*Id.*, Ex. B, Trust Agreement.) The amended motion is otherwise almost identical to Plaintiff's July 2, 2013 submission, except that Plaintiff seeks $9,546.37 instead of $6,976.29 as the principal amount of delinquent contributions due and owing for the same relevant time period, January 1, 2008 through December 31, 2010.

## II. Discussion

### a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

3

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). However, "even in a *de novo* review of a party's specific objections, the Court ordinarily will not consider 'arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" *Gesualdi v. Specialty Flooring Sys., Inc.*, No. 11-CV-5937, 2013 WL 5439145, at *3 (E.D.N.Y. Sept. 27, 2013) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)); *see also Zamudio-Berges v. United States*, No. 08-CV-8789, 2013 WL 2896978, at *3 (S.D.N.Y. June 13, 2013) (same).

Although a party's default "'is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). In order to recover a default judgment, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2) and *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Infinity Glass & Restoration LLC*, No. 12-CV-5650, 2013 WL 5278200, at *8 (E.D.N.Y. Sept. 17, 2013) (noting that, in calculating an award of damages in a motion for default judgment, a court may "rely on

4

detailed affidavits or documentary evidence . . . to evaluate the proposed sum." (alteration in original) (quoting *Fustok*, 873 F.2d at 40)).

### b. Liability and Damages

#### i. The Report and Recommendation

Judge Mann found that the Complaint states a cause of action under ERISA and LMRA and that Plaintiff is entitled to a judgment as to liability. (R&R at 5–6.) Judge Mann found, however, that Plaintiff is not entitled to damages because Plaintiff has not provided any admissible evidence upon which the court could ascertain the amount of damages to award. (R&R at 7 (citing, *inter alia*, *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) ("[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence."))). For example, in support of its request for damages under ERISA, Plaintiff submitted an audit report from an examination of Defendant's records that were inadequately authenticated.[1] (*Id*. at 8–9.) In addition, Plaintiff submitted an affidavit from its own counsel, Dana L. Henke, with conclusory statements about what damages were owed to Plaintiff. Judge Mann concluded that "unsupported and conclusory assertions by counsel, which are not based on first-hand knowledge, cannot support an award of damages," and recommended denying an award of damages. (*Id*. at 14 (citing, *inter alia*, *Laborers' Local Union No. 91 Welfare Fund v. Danco Const., Inc.*, No. 94-CV-0318, 1996 WL 189510, at *1

---

[1] The audit report was accompanied by an unsworn statement of Kimesha Hines of the audit firm Marshall & Moss attesting that an auditor of the firm had reviewed Defendant's books and records. Judge Mann found that the statement failed to meet the standard of 28 U.S.C. § 1746, which allows the use of unsworn declarations in lieu of sworn affidavits when they are expressly made "under penalty of perjury." (*See* August 8, 2013 Report & Recommendation of Judge Roanne L. Mann ("R&R") at 9 n.5.) In addition, Hines' affidavit provided no detail describing how the audit was conducted, what documents were reviewed and relied on to prepare the audit, or whether the affiant had personally conducted the audit. (*Id*. at 12–13.)

5

(W.D.N.Y. Apr. 17, 1996); *Trustees of Local 522 Pension Fund v. Tri-Boro & Rest. Supply Co., Inc.*, No. 12-CV-0163, 2013 WL 685377, at *4 (E.D.N.Y. Feb. 24, 2013)).)

Judge Mann further noted that Plaintiff had been afforded two opportunities to cure the deficiencies in its filings, yet both times Plaintiff failed to provide the requisite, admissible documentation upon which the court could calculate an award of damages. (R&R at 16; *see* February 25, 2013 Order denying Motion for Default Judgment; June 21, 2013 Order of Judge Roann L. Mann (Docket Entry No. 11).) Accordingly, Judge Mann recommended that Plaintiff's request for damages be denied without leave to renew. (*Id.*)

## ii. Plaintiff's Amended Motion

Plaintiff failed to file any objections within the statutory time period and did not seek any additional time to object to Judge Mann's R&R. However, on August 26, 2013, the deadline for filing objections, Plaintiff filed an amended motion seeking damages and costs. In support of the August 26, 2013 amended motion, Plaintiff submits a new affidavit from Kimesha Hines, authenticating the audit which forms the basis for Plaintiff's claim for damages, and providing for the first time a signed copy of the Trust Agreement between Plaintiff and Defendant. Plaintiff offered no legal support for why it should be allowed to further amend its motion for damages where it was twice allowed to do so and where Judge Mann's June 21, 2013 Order informed Plaintiff that it was being afforded "one final opportunity" to cure the deficiencies. Plaintiff offered no excuse for why it did not cure these deficiencies in response to the February 25, 2013 Order or the June 21, 2013 Order. Nor did Plaintiff explain why it did not timely object to the R&R.

## iii. Analysis

Because Plaintiff failed to submit a timely objection to Judge Mann's R&R, the Court reviews the R&R under a "clear error" standard. *See Wagner & Wagner,* LLP, 596 F.3d at 92

6

(2d Cir. 2010). Having reviewed Judge Mann's recommendation that the Court find Defendant liable for default and finding no clear error, the Court adopts the recommendation.

As for Plaintiff's damages, the Court likewise finds no clear error in Judge Mann's recommendation that Plaintiff's application for damages be denied, based on a failure to establish damages through admissible, authenticated evidence. However, Plaintiff's amended motion, presumably filed in lieu of an objection, remedies the deficiencies identified in Judge Mann's R&R. Although Plaintiff's August 26, 2013 amended motion was filed in patent disregard of the rules of the Court and the relevant statutory provision, *see* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."), and the Court ordinarily will not review "evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance," *Gesualdi*, 2013 WL 543145, at *3 (citing *Kennedy*, 2006 WL 3704784, at *1), in the interest of judicial economy and justice, the Court will overlook Plaintiff's repeated failures to comply with the rules of the Court and consider the evidentiary material provided by Plaintiff in the August 26, 2013 amended motion. The Court does so in lieu of granting Plaintiff leave to renew its application for damages a third time.[2]

---

[2] Where a plaintiff's request for damages has been denied due to inadequate authentication, courts in this Circuit freely give leave to renew the application. *See, e.g.*, *Trustees of Local 522 Pension Fund v. Tri-Boro & Rest. Supply Co., Inc.*, No. 12-CV-0163, 2013 WL 685377, at *4 (E.D.N.Y. Feb. 24, 2013) ("[U]nsupported and conclusory assertions are inadequate to establish damages. . . . Accordingly, the court denies plaintiffs' application for damages without prejudice to renew upon submission of proper documentation." (citations omitted)); *Bd. of Trustees of the United Union of Roofers v. Dana Restoration, Inc.*, No. 09-CV-1076, 2010 WL 3925115, at *2 (E.D.N.Y. Sept. 14, 2010) (denying Plaintiffs' application for damages with leave to renew "upon an appropriate affidavit or affidavits by people with actual knowledge who can properly authenticate the funds' damages and the records"), *report and recommendation adopted*, 2010 WL 3909232 (E.D.N.Y. Sept. 29, 2010)); *LaBarbera v.*

1.  **Authentication**

The Court finds that the newly filed affidavit by Kimesha Hines is properly authenticated. 28 U.S.C. § 1746 permits an unsworn declaration to be treated as if it were sworn, if the declarant were to: "(1) 'declare (or certify, verify, or state),' (2) 'under penalty of perjury,' (3) that the matter sworn to is 'true and correct.'" *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (quoting 28 U.S.C. § 1746). In the new affidavit, Hines states, "I declare under penalty of perjury that the foregoing is true and correct," substantially meeting the requirements of 28 U.S.C. § 1746. (Hines Aff. at 4.) Thus, the Court will treat the new affidavit as a sworn statement.[3] Attached to the Hines affidavit is the audit report prepared by Hines. (Am. Mot. Ex. C, "Audit").

Plaintiff attaches to the Henke affidavit a copy of the signed Collective Bargaining Agreement ("CBA") between the Metal Polishers Production and Novelty Workers Union Local 8A–28A and Defendant, effective June 1, 2008 through May 31, 2011. (Am. Mot. Ex. A, "CBA"). In the August 26, 2013 amended motion Plaintiff for the first time attaches to the motion[4] the Trust Agreement creating the Local 8A-28A Welfare Fund ("the Fund") and

---

*Rockwala Inc.*, No. 06-CV-6641, 2007 WL 3353869, at *6 (E.D.N.Y. Nov. 8, 2007) (granting plaintiffs leave to renew application for damages "upon an appropriate affidavit or affidavits by people with actual knowledge who can properly authenticate the funds' damages and the records upon which the damages calculations are based."); *Bricklayers Ins. & Welfare Fund v. David & Allen Contracting, Inc.*, No. 05-CV-4778, 2007 WL 3046359, at *5 (E.D.N.Y. Oct. 16, 2007) (denying award of damages without prejudice to renew where submissions included only an affidavit of counsel).

[3] Henke's affidavit, however, suffers from the same deficiencies identified by Judge Mann in the R&R. As counsel for the Trustees, Henke has no personal knowledge as to key paragraphs in her affidavit that establish damages owed by Defendant. (*See* Hines Aff. of August 26, 2013 ¶¶ 10, 11, 13.) Thus, the Court does not consider any of these statements in assessing damages.

[4] The Trust Agreement is attached as a freestanding Exhibit, and is not referenced in the Henke affidavit or in the Memorandum of Law.

authorizing the Trustees of the Fund to collect contributions on behalf of the union. (Am. Mot. Ex. B.) The Trust Agreement went into effect on July 1, 2009. (*Id*. at 24.) Although Plaintiff seeks damages from January 1, 2008 through December 31, 2010, Plaintiff has not shown the existence of a CBA prior to June 1, 2008, or of a Trust Agreement prior to July 1, 2009.

Although these documents are presented without the affidavit of a custodian of record, the Court accepts them as evidence for the purpose of calculating damages in a default judgment. *See*, *e.g.*, *Local No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Funds, Scholarship Fund, & Other Funds v. Brookman Const. Co., Inc.*, No. 12-CV-2180, 2013 WL 5304358, at *3 (E.D.N.Y. Sept. 19, 2013) (awarding damages based on the submission of affidavits from plaintiff's counsel and from an independent auditor, a "copy of the audit, correspondence between plaintiffs' counsel and defendant's counsel discussing the audit," and a copy of the CBA); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Co-op., Pension & Welfare Funds v. Miller Floor Covering, Inc.*, No. 12-CV-5660, 2013 WL 5366962, at *4 (E.D.N.Y. Sept. 24, 2013) (affirming arbitrator's award for damages upon plaintiff's submission of the Collective Bargaining Agreement and the trustees' "Joint Policy for Collection of Delinquent Contributions"). The information provided in Plaintiff's August 26, 2013 amended motion, along with the affidavit and audit of an independent auditor, provide sufficient evidence from which the Court can make a determination of damages. *See Trustees of Empire State Carpenters Annuity*, 2013 WL 5278200, at *8 (noting that, in calculating an award of damages in a motion for default judgment, a court may "rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." (alteration in original) (quoting *Fustok*, 873 F.2d at 40)).

**2. Principal Delinquent Contributions**

The Court finds that the evidence submitted by Plaintiff supports an award for a principal amount of delinquent contributions of $4,036, exclusive of interest and liquidated damages. These contributions were authorized by the CBA which (1) established the Welfare Fund and the Pension Fund, (CBA Art. XVII–XVIII); (2) provided for employer deduction of union dues from the wages of employees, (CBA Art. IV); and (3) authorized payments to the Trustees for union dues, the welfare fund and the retirement fund, (CBA Art. XLI). In addition, the Trust Agreement authorizes Plaintiff to collect contributions as provided for in the CBA. (Am. Mot. Ex. B, Trust Agreement 17–19.)

While Plaintiff requested damages for the time period from January 1, 2008 through December 31, 2010, the CBA and Trust Agreement submitted by Plaintiff only support the recovery of damages as of July 1, 2009, the effective date of the Trust Agreement authorizing Plaintiff to collect contributions from Defendant at the rates provided for in the CBA. Without evidence that Plaintiff was authorized to collect contributions from the Defendant prior to that date, the Court cannot award damages for the time period between January 1, 2008 and June 30, 2009.[5] Thus, based on the documentation submitted by Plaintiff, Plaintiff is entitled to damages for delinquent contributions from July 1, 2009 through December 31, 2010.

The Court calculates the damages due by looking to the revised affidavit of Hines, the auditor retained by Plaintiff, and the audit prepared by Hines. In the revised affidavit, Hines states that she personally conducted the audit pursuant to the terms in the CBA and the Trust Agreement, (Hines Aff. ¶¶ 6, 10–11), and attaches the complete audit report, which itemizes

---

[5] Even if Plaintiff had submitted a previous Trust Agreement authorizing the Trustees to collect contributions prior to July 1, 2009, without a CBA establishing contribution rates prior to June 1, 2008, the effective date of the CBA submitted by Plaintiff, the Court would still only be able to award damages for the time period beginning June 1, 2008.

delinquent contributions by year, (*see* Audit). A review of the audit shows that the amount due for delinquent contributions in 2009 is $2,264.81. (Audit at 2.) The Court awards half of this figure to represent the delinquent contributions from July 1, 2009 — December 31, 2009, in addition to the entire amount of the 2010 delinquency ($2,903.59), for a total of $4,036 in delinquent principal contributions.[6]

### 3. Interest and Liquidated Damages

Under ERISA, a party seeking to recover unpaid contributions is entitled to "interest on unpaid contributions," which "shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Here, neither the CBA nor the Trust Agreement submitted by Plaintiff provides for a specific interest amount. The Trust Agreement states that Trustees may recover "interest thereon." (Am. Mot. Ex. B at 19.) With respect to the interest calculation, Hines states: "Since there was no exact rate stated, the Trustees have advised me that they have established the interest rate that should be charged to delinquent employees at 10% per year." (Hines Aff. ¶ 11.) However, Plaintiff has

---

[6] Even if Plaintiff had submitted a prior Collective Bargaining Agreement and Trust Agreement covering the entire period for which damages are requested, the Hines affidavit and accompanying audit support only an award of $6,976.29 in delinquent contributions for January 1, 2008 through December 31, 2010, rather than the principal amount of $9,546.37 requested in the August 26, 2013 amended motion. (*See* Am. Mot. ¶ 13.) According to the audit, the $9,546.37 figure actually represents the unpaid principal *plus* interest and liquidated damages, calculated in the audit at 10% per year, and 20% of the total principal, respectively. (*See* Am. Mot. Ex. C at 1, 2). Although in her affidavit Hines inexplicably states that the "principal amount of unpaid fringe benefit contributions" is $9,546.37, (Hines Aff. ¶ 14), pages 1 and 2 of the audit prepared by Hines indicate that the total "deficiency amount" of delinquent benefit contributions for 2008 through 2010 was $6,976.29. (Am. Motion, Ex. C at 1.) This number comports with the principal listed on the "Schedule of Interest Calculation," (*id*. at 2), and is also consistent with Plaintiff's prior submissions to the Court. (*See* July 2, 2013 Am. Motion 1; January 8, 2013 Mot., Statement of Damages (listing "Principal Amount Due from January 1, 2008 through December 31, 2010 as $6,976.29).) In addition, Hines states that liquidated damages were calculated at 20%, (Hines Aff. ¶ 12), and that she calculated the liquidated damages owed by Defendant as $1,395.26 (*id*. ¶ 13), which is 20% of $6,976.29, not of $9,546.37.

submitted no evidence from the Trustees to establish this interest rate. Therefore, the Court rejects Plaintiff's application for interest calculated at 10% per annum, and instead awards interest in accordance with 26 U.S.C. § 6621(a)(2) (establishing a payment rate of the Federal short-term interest rate plus 3 percentage points). The Court uses the average annual short-term interest rate for July 1, 2009 through December 31, 2010. *See Bd. of Trustees of Pointers, Cleaners & Caulkers Welfare Fund, Pension Fund & Annuity Fund v. Super Eagle Contracting, Inc.*, No. 12-CV-0399, 2013 WL 802034, at *3 (E.D.N.Y. Jan. 16, 2013) (collecting cases applying average annual short-term interest), *report and recommendation adopted*, 2013 WL 802847 (E.D.N.Y. Mar. 5, 2013). Because Plaintiff is entitled to have interest compounded on delinquent payments, the Court calculated interest in the same manner as that calculated by Plaintiff's auditor, but applying the applicable 6621(a)(2) interest rates instead. Between July 1, 2009 and December 31, 2010, the Federal short-term rate plus 3% was 4%. *See* United States Department of Labor, IRC 6621 Table of Underpayment Rates, Column 1, "(a)(2) Underpayment Rates", available at http://www.dol.gov/ebsa/calculator/interestratetables.html. Applying this interest rate results in compounded interest payments of $45.30 and $163.25 due at the end of 2009 and 2010, respectively, for a total of $208.55 in interest due.[7]

As for liquidated damages, the Trust Agreement submitted by Plaintiff establishes liquidated damages at 20%, as calculated in the audit. (Trust Agreement at 18, Art. VII, § 5.)

---

[7] The Court's calculations are as follows:

|  | Principal | Balance (Total principal plus previous years' interest) | 6621(a)(2) interest rate | Interest accrued |
|---|---|---|---|---|
| Jul 1 - Dec 31, 2009 | $1132.41 | $1132.41 | 4.00% | $45.30 |
| Jan 1 - Dec 31, 2010 | $2903.59 | $4081.30 | 4.00% | $163.25 |
| **TOTAL** | $4036.00 |  |  | $208.55 |

Thus, the Court finds Plaintiff's request for liquidated damages sufficiently supported by evidence, and awards Plaintiff liquidated damages of 20% on $4036.00 (the principal amount of delinquent contributions), or $807.20.

### b. Attorneys' Fees and Costs

#### i. Attorneys' Fees

Judge Mann found that Plaintiff is not entitled to attorneys' fees, based on Plaintiff's failure to submit contemporaneous time records that distinguish the time spent by counsel and by a paralegal on this case, that would permit the court to assess the reasonableness of the fees. (R&R at 18–19.) In the August 26, 2013 amended motion, counsel for Plaintiff does not provide additional detail as to the requested attorneys' fees. Instead, counsel abandons her request for attorneys' fees. Because Plaintiff did not address Judge Mann's recommendation that attorneys' fees be denied, in either its amended motion of July 2, 2013 or in its August 26, 2013 amended motion, and the Court finds no clear error in Judge Mann's denial of attorneys' fees, the Court adopts Judge Mann's recommendation and denies Plaintiff's application for attorneys' fees with prejudice.

#### ii. Costs

In her R&R, Judge Mann does not make a specific finding as to Plaintiff's requested costs. Based on a review of the record, the Court finds these costs to be reasonable, and awards Plaintiff $430 in costs. *See Finkel v. Universal Elec. Corp.*, No. 12-CV-2154, 2013 WL 4522594, at *18 (E.D.N.Y. Aug. 27, 2013) (awarding $433.06 in costs); *Finkel v. Triple A Grp., Inc.*, 708 F. Supp. 2d 277, 290–91 (E.D.N.Y. 2010) (awarding $818.53 in costs); *Masino v. A to E, Inc.*, No. 09-CV-1651, 2010 WL 3780176, at *8 (E.D.N.Y. Sept. 3, 2010) (awarding $350 in costs), *report and recommendation adopted*, No. 09-CV-1651, 2010 WL 3780973 (E.D.N.Y. Sept. 21, 2010).

### III.     Conclusion

The Court grants Plaintiff's motion for a default judgment as to liability against Defendant Prestige Restoration and Maintenance.  The Court grants Plaintiff's request for damages as follows: $4036.00 in unpaid principal delinquent contributions; $208.55 in interest, and $807.20 in liquidated damages, for a total of $5051.75.  The Court further awards Plaintiff $430 in court costs, and denies Plaintiff's request for attorneys' fees, with prejudice.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: November  26, 2013
       Brooklyn, New York